IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| KEOKUK GLYCERIN, LLC, and JOHN ROTHGEB, | ) ) ) | Case No. 3:14-cv-00111-JAJ-HCA |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER** |
| MIDWEST LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |

COMES NOW the Defendant, MIDWEST LABORATORIES, INC., and, pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b), hereby moves the Court for an order granting it leave to file an amended answer to Plaintiffs' complaint. Defendant's proposed amended answer is attached hereto as Exhibit 1. In support of its motion, Defendant states as follows:

1.      This petition in this matter was filed in the District Court for Lee County, Iowa, on September 8, 2014, and removed to this Court by Defendant on October 2, 2014. The Scheduling Order allowed for amendment of pleadings on or before February 10, 2015. (*See* Doc. 8).

2.      Initial discovery has revealed facts supporting a defense that Plaintiffs' claims may be barred by the economic loss doctrine. Plaintiffs' breach of contract claim rests solely on its belief that Defendant was negligent in the performance of the contract, which may not support Plaintiffs' breach of contract claim.

3.      Discovery indicates that Plaintiffs have no evidence that Defendant made an affirmative representation independent of its promise to perform, which would be required to

support a negligent misrepresentation claim.  The economic loss rule accordingly provides a viable defense that should be at issue in the present action.

4.      In addition, Defendant has acquired information that a former member of Tri-City Energy, LLC, Gerald Moughler, filed voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on September 24, 2010, subsequent to the accrual date of the present claim. (*See* BK Docket No. 10-04758-als7).

5.      In his petition, under "other names," Moughler listed "FDBA Tri-City Energy, LLC," and stated that the nature of his debts were primarily business debts.  (*See* BK Docket No. 10-04758-als7, Doc. 1, at 1).  Moughler also identified Plaintiff Rothgeb as a co-debtor.  *Id.* at 20.

6.      The United States Bankruptcy Court for the Southern District of Iowa ultimately granted Moughler a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code) on December 21, 2010.  (*See* BK Docket No. 10-04758-als7, Doc. 23; Doc. 25).

7.      It appears Tri-City Energy was an entity related to Keokuk Glycerin, LLC, in which Plaintiff Rothgeb also had an ownership interest.  Moughler is currently a "member" of Keokuk Glycerin.  (*See* Keokuk Glycerin's Amended Answers, with Objections, to Defendant's Interrogatories, Ex. B, No. 6).  Tri-City Energy may have owned a majority share of Plaintiff Keokuk Glycerin at the time Moughler declared bankruptcy.

8.      The specific relationship between Plaintiffs and Tri-City Energy was not disclosed at any time during the pendency of this litigation and is as of yet unclear.

9.      Moughler failed to list a claim against Defendant as an asset in the bankruptcy proceedings or otherwise mention said claim in the debtors' schedules or disclosure statements. These facts may support a viable defense on the theory of judicial estoppel.

10.     Defendant in good faith did not include affirmative allegations related to these facts in its answer because it was unaware of the bankruptcy proceedings and their possible relation to the present litigation.

11.     The parties are currently attempting to resolve a discovery dispute, and Defendant believes further discovery may reveal evidence to support the defenses.

12.     Amending the answer to include the economic loss doctrine and judicial estoppel as affirmative defenses will not unduly complicate or delay the litigation.

13.     Plaintiffs will not be prejudiced or unduly burdened by the proposed amendment, as Plaintiffs have notice of all relevant facts and are in possession of all relevant documents.

14.     The economic loss doctrine and judicial estoppel are not affirmative defenses which must be specifically pled.  However, in order to provide the Court and as opposing counsel notice of its defenses, Defendant hereby requests leave to file an amended answer to include allegations related to such defenses.

15.     Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  Balanced against the liberal amendment policy of Rule 15(a) is the court's interest in enforcing its scheduling orders.  Scheduling orders may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause.").

16.     "The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  The liberal amendment standard contained in Rule 15(a) applies when a motion for leave to amend is filed within the time permitted by the court's scheduling order and discovery plan.  On the other hand, "[i]f a

party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

17.     The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)(overruled in part on other grounds, *Avichail ex rel. T.A. v. St. John's Mercy Health System*, 686 F.3d 548, 552 (8th Cir. 2012)).

18.     Per the Court's scheduling order, the deadline to amend pleadings passed on February 10, 2015.  (*See* Doc. 8).  Good cause exists to permit Defendant to file an amended answer under the circumstances and the status of this case.

19.     Defendant received Plaintiffs' initial responses to Defendant's written discovery on February 9, 2015, and amended responses on March 17, 2015.  (*See* Keokuk Glycerin's Answers, with Objections, to Defendant's Interrogatories, Ex. A; Keokuk Glycerin's Amended Answers, with Objections, to Defendant's Interrogatories, Ex. B; John Rothgeb's Answers, with Objections, to Defendant's Interrogatories, Ex. C; John Rothgeb's Amended Answers, with Objections, to Defendant's Interrogatories, Ex. D; Keokuk Glycerin's Responses, with Objections, to Defendant's Requests for Production, Ex. E; Keokuk Glycerin's Amended Responses, with Objections, to Defendant's Requests for Production , Ex. F; John Rothgeb's Responses, with Objections, to Defendant's Requests for Production, Ex. G; John Rothgeb's Amended Responses, with Objections, to Defendant's Requests for Production, Ex. H).

20.     As of this date, no depositions have taken place.  (Martin Aff., Ex. 2, ¶ 3).

21.     Defendant acted diligently and in good faith in requesting leave to amend upon learning of additional facts to support the defenses at issue.

22.     As discovery has only just begun and trial is more than a year away, Plaintiffs will not be prejudiced by the amended answer.

23.     Pursuant to Local Rule 7(l), counsel for the undersigned has conferred in good faith with counsel for Plaintiffs.  Plaintiffs' counsel does not consent to the motion.

WHEREFORE, Defendant Midwest Laboratories, Inc., respectfully requests the Court enter an Order permitting it to amend its answer as set forth in the attached proposed amended answer.

DATED this 6th day of April, 2015.

MIDWEST LABORATORIES, INC., Defendant,

By:     /s/Craig F. Martin
Craig F. Martin, AT0005055
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300/Fax: (402) 397-7824
cmartin@ldmlaw.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

William J. Miller
Brian A. Melhus
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309-2790
miller.william@dorsey.com
melhus.brian@dorsey.com
*ATTORNEYS FOR PLAINTIFFS*

/s/Craig F. Martin