IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| KEOKUK GLYCERIN, LLC and JOHN ROTHGEB, | ) ) ) | Case No. 3:14-cv-00111-JAJ-HCA |
| Plaintiffs, | ) ) | |
| v. | ) ) | AMENDED ANSWER |
| MIDWEST LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Midwest Laboratories, Inc. ("Defendant"), for its Amended Answer to Plaintiffs' Petition, alleges and states as follows:

## PARTIES

1. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 1 and therefore denies the same.

2. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 2 and therefore denies the same.

3. Defendant admits the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4. As this matter has been removed to Federal Court, this allegation is no longer relevant. To the extent a response is necessary, Defendant denies the same.

5. As this matter has been removed to Federal Court, this allegation is no longer relevant. To the extent a response is necessary, Defendant denies the same.



## FACTS

6. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 6 and therefore denies the same.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 8 and therefore denies the same.

9. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9 and therefore denies the same.

10. Defendant admits the allegations contained in paragraph 10 and further states that it had provided glycerin samples several times before July, 2009.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits that a report was created on or about July 16, 2009, indicating that the glycerin samples from Keokuk Glycerin tested at 61.1 percent and 62.4 percent. Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 17 and therefore denies the same.

18. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 18 and therefore denies the same.

19. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19 and therefore denies the same.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant admits that a lab report dated on or about July 29, 2009, indicated that Plaintiffs' samples tested at 87.4 percent and 90.3 percent. Defendant denies the remaining allegations contained in paragraph 23.

24. Defendant admits the allegations contained in paragraph 24.

25. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 27 and therefore denies the same.

## COUNT I – BREACH OF EXPRESS OR IMPLIED CONTRACT

28. Defendant realleges its responses to paragraphs 1 through 27 above as if fully set forth herein.

29. The allegations contained in paragraph 29 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

30. The allegations contained in paragraph 30 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

31. The allegations contained in paragraph 31 are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the same.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

## COUNT II – NEGLIGENT MISREPRESENTATION

34. Defendant realleges its responses to paragraph 1 through 33 above as if fully set forth herein.

35. Defendant admits that it is in the profession of providing test results to clients. Defendant denies the remaining allegations contained in paragraph 35.

36. Defendant admits that it had a pecuniary interest in providing test results to Plaintiffs. Defendant denies the remaining allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every other allegation contained in Plaintiffs' Petition with the exception of those admitted above and with a further exception of those allegations which form the basis of an admission against interest of Plaintiffs.

2. Plaintiffs' Petition fails to state a claim upon which relief may be granted.

3. Plaintiffs, by their conduct, may have been contributorily negligent.

4. Any action by Defendant was not the proximate cause of Plaintiffs' damage.

5. Plaintiffs may have failed to mitigate damages.

6. The damage that Plaintiffs claims to have suffered may have been caused by their own negligence or that of their agents.

7. Plaintiffs may not have standing to bring the claims alleged.

8. Plaintiffs' claims may be barred by the economic loss doctrine.

9. Plaintiffs' claims may be barred by the doctrine of judicial estoppel as it represented to the United States Bankruptcy Court for the Southern District of Iowa in Case No. No. 10-04758-als7, that they did not have a claim against Defendant and Plaintiffs' position here is inconsistent with their earlier position before the bankruptcy court.10. Defendant gives notice that it intends to rely on any such other defenses as may become apparent or available during discovery proceedings in this case and reserve the right to amend its Answer to assert any such defense.

WHEREFORE, Defendant, Midwest Laboratories, Inc., having fully amended its answer to Plaintiffs' Petition, requests that the Petition be dismissed, with prejudice, with costs, fees and expenses taxed against Plaintiffs and in favor of Defendant, together with any such other relief the Court deems just and proper.

DATED this 6th day of April, 2015.

                                            MIDWEST LABORATORIES, INC., Defendant

                              By: /s/Craig F. Martin
                                    Craig F. Martin
                                    Iowa State Bar No. 18133
                                    Lamson, Dugan & Murray, LLP
                                    10306 Regency Parkway Drive
                                    Omaha, NE 68114-3743
                                    (402) 397-7300
                                    (402) 397-7824 (fax)
                                    cmartin@ldmlaw.com
                                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on April 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William J. Miller
Brian A. Melhus
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309-2790
T: 515-283-1000
F: 515-283-1060
miller.william@dorsey.com
melhus.brian@dorsey.com
*ATTORNEYS FOR PLAINTIFFS*

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

    None.

                                      /s/Craig F. Martin

606587