IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KEOKUK GLYCERIN LLC and JOHN ROTHGEB, | Case No. 3:14-cv-00111-JAJ-HCA |
| Plaintiffs, | **PLAINTIFF KEOKUK GLYCERIN LLC'S ANSWERS, WITH OBJECTIONS, TO DEFENDANT'S INTERROGATORIES** |
| v. | |
| MIDWEST LABORATORIES, INC., | |
| Defendant. | |

COMES NOW Plaintiff Keokuk Glycerin LLC and hereby serves its Answers, With Objections, to Defendant's Interrogatories.

Date: February 9, 2015

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000; Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
        melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original to:

Craig F. Martin (AT0018133)
Lamson, Dugan and Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
ATTORNEYS FOR DEFENDANT
MIDWEST LABORATORIES, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 20, 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By: ~~Electronic Filing and/or~~

| | | | |
|---|---|---|---|
| X | U.S. Mail | ___ | FAX |
| ___ | Hand Delivered | ___ | Overnight Courier |
| X | E-mail | ___ | Other |



1

**INTERROGATORY NO. 1:** Please give Plaintiffs' full legal name and any other names they have been known by, address, gender, date of birth and social security number.

**ANSWER:**

Plaintiff objects to the discovery request on the grounds that it is overbroad and calls for confidential information that is not relevant to the subject matter involved in the pending action. Plaintiff specifically objects to providing personal identification information to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiffs are (1) Keokuk Glycerin LLC, 410 Johnson Street, Keokuk, IA 52632 and (2) John Rothgeb, 1801 Grand Avenue, Keokuk, IA 52632.

**INTERROGATORY NO. 2:** Please list all of Keokuk Glycerin's current and former places of incorporation.

**ANSWER:**

Keokuk Glycerin's current and former place of incorporation is Iowa.

**INTERROGATORY NO. 3:** Please identify all persons who in any way assisted you in responding to these interrogatories.

**ANSWER:**

John Rothgeb and Plaintiffs' counsel herein.

**INTERROGATORY NO. 4:** For all persons who have discoverable information and/or knowledge of any facts relevant to subject matter of this litigation, including those individuals

identified in Plaintiffs' Rule 26 disclosures, describe with specificity the knowledge Plaintiff believes is possessed by each person.

**ANSWER:**

Please see Plaintiffs' Initial Disclosures.

**INTERROGATORY NO. 5:** Please identify all current and past members of Keokuk Glycerin, and state with particularity the nature of their membership in the company.

**ANSWER:**

Plaintiff objects to the discovery request on the grounds that it is vague as to the terminology "nature of their membership in the company," which is undefined. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

The following are current or past members of Keokuk Glycerin: John Rothgeb, President; Glen Meyers, Member; Guy Rose, Member; and Gerald Moughler, Member.

**INTERROGATORY NO. 6:** Please identify all current and past owners of Keokuk Glycerin, and state with particularity the nature of their interest in the company.

**ANSWER:**

Plaintiff objects to the discovery request on the grounds that it is vague as to the terminology "nature of their membership in the company," which is undefined. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

The following are current or past owners of Keokuk Glycerin: John Rothgeb, President; Glen Meyers, Member; Guy Rose, Member; and Gerald Moughler, Member.

**INTERROGATORY NO. 7**: Please state with specificity the factual basis for your allegation that "Keokuk Glycerin and Rothgeb informed Defendant that they would be using Defendant's testing results to guide business transactions with a third-party," as alleged in paragraph No. 11 of Plaintiffs' Complaint.

**ANSWER**:

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

John Rothgeb, as President of Keokuk Glycerin, contacted Defendant for purposes of testing materials from Keokuk Glycerin's facility. Defendant was aware that Plaintiffs would be using Defendant's testing results to guide business transactions with a third-party. Please see also the documents produced herein by Plaintiffs and Defendant, which include information seemingly responsive to this request.

**INTERROGATORY NO. 8**: Please identify all of materials, documentation and/or correspondence pertaining to GreenMan Technologies' agreement or "intent to purchase" Keokuk Glycerin, LLC.

**ANSWER**:

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

4

Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request. In particular, see the April 20, 2009 letter of intent from GreenMan to Keokuk Glycerin and Rothgeb.

**INTERROGATORY NO. 9**: Please identify all individuals involved in arranging, negotiating, or agreeing to the sale of Keokuk Glycerin, LLC, to GreenMan Technologies.

**ANSWER:**

John Rothgeb, Al Moander, and Lyle Jensen. It is believed other agents, employees, or representatives of GreenMan may have been involved, but Plaintiff does not recall their names at this time.

**INTERROGATORY NO. 10**: Please identify all of materials, documentation and/or correspondence pertaining to any and all sample materials and test results, as referenced in paragraph Nos. 11-16 of Plaintiffs' Complaint, throughout the duration of the parties' commercial relationship.

**ANSWER:**

Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request.

**INTERROGATORY NO. 11**: Please describe with specificity the factual basis for your allegation in paragraph No. 30 of Plaintiffs' Complaint that "Rothgeb and Defendant have a valid and enforceable express or implied contract for services."

**ANSWER:**

Defendant agreed orally and in writing (through phone conversations and correspondence) to test samples from Plaintiffs' facility and to provide testing results to Plaintiffs in exchange for compensation. Plaintiffs provided samples for testing to Defendant. Plaintiffs then paid Defendant to perform such testing and to provide the results of that testing.

**INTERROGATORY NO. 12**: Please state with specificity all steps taken by you to locate a purchaser of the company following GreenMan's withdrawal of its letter of intent on or about July 30, 2009.

**ANSWER:**

Plaintiff objects to this Interrogatory because it is overbroad in terms of scope (e.g., it requests "all steps") and vague with respect to the term "steps," which is undefined. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

After Defendant communicated the incorrect testing results to Plaintiffs and GreenMan withdrew its letter of intent, Plaintiffs attempted to locate an alternate entity to purchase the company.

**INTERROGATORY NO. 13**: Identify and describe with specificity any and all steps taken by you to confirm the test results on Midwest Laboratories' report #09-198-2152 as referenced in Plaintiffs Complaint.

**ANSWER:**

None.  Plaintiffs relied on Defendant to properly test Plaintiffs' samples and to correctly convey those testing results to Plaintiffs.  Plaintiffs did not seek a second opinion about those results.

**INTERROGATORY NO. 14**: State whether you made any attempt to confirm the test results on Midwest Laboratories' report #09-198-2152 with Defendant prior to providing the test results to GreenMan Technologies.

**ANSWER:**

No.  Plaintiffs relied on Defendant to properly test Plaintiffs' samples and to correctly convey those testing results to Plaintiffs.  Plaintiffs did not seek a second opinion about those results.

**INTERROGATORY NO. 15**: Identify any and all communications between you and GreenMan Technologies after you received the corrected test results via correspondence from Defendant dated July 30, 2009 and as referenced in Plaintiffs' Complaint.

**ANSWER:**

Plaintiff objects to this discovery request on the grounds that it is overbroad, including in terms of time and scope.  Subject to these objections, and without waiver thereof, Plaintiffs are not aware of any correspondence with GreenMan after July 30, 2009.  For earlier communications with GreenMan, Plaintiffs refer to the documents produced during the discovery in this matter.

**INTERROGATORY NO. 16**: Please describe with specificity any and all efforts made by you to resurrect or further negotiate the alleged agreement to sell Keokuk Glycerin to

GreenMan Technologies following your receipt of the corrected test results on or about July 30, 2009.

**ANSWER:**

Plaintiff objects to this discovery request on the grounds that it is overbroad, including in terms of time and scope. Subject to these objections, and without waiver thereof, Plaintiffs are not aware of any correspondence with GreenMan after July 30, 2009. For earlier communications with GreenMan, Plaintiffs refer to the documents produced during the discovery in this matter.

**INTERROGATORY NO. 17**: Please itemize and describe with specificity all damages Plaintiff claims were proximately caused by conduct attributable to Defendant, and the factual and mathematical methods used to calculate same, if any.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiff lost the value and expected profit it expected to receive as a result of a sale of its business to a third party—GreenMan Technologies, Inc. GreenMan intended to pay over one million dollars for Keokuk Glycerin LLC and related interests. Discovery is ongoing, and this answer may be supplemented.

**INTERROGATORY NO. 18**: Please identify all agreements, purchase orders, documentation, or other materials pertaining to Plaintiffs' express or implied contract with Defendant.

    **ANSWER**:

Plaintiff objects to this interrogatory on the grounds that it is overbroad, including in terms of time. In addition, Plaintiff objects to this Interrogatory on the grounds that it is vague as to the "agreements, purchase orders, documentation or other materials" requested. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

    Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request.

**INTERROGATORY NO. 19**: Please describe with specificity the process and procedure used to obtain and transmit any "sample materials" to be provided to Defendant for testing and identify any documentation, materials or reports pertaining to the testing process, procedure or results obtained therefrom.

    **ANSWER**:

Plaintiff objects to this Interrogatory on the grounds that it is overbroad, including in terms of time and scope. Plaintiff further objects to this discovery request on the grounds that it is vague as to the term "sample materials." Subject to these objections, but without waiving the same, Plaintiff responds as follows:

    Plaintiff refers to its Initial Disclosures and the documents produced herein by Plaintiffs and Defendant, which include information seemingly responsive to this request.

**INTERROGATORY NO. 20:** Please identify all documents you intend to offer at the trial of this matter.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiff has not yet identified exhibits he intends to offer at the trial of this matter. Plaintiff will identify exhibits in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure. Plaintiff reasonably believes that documents or items being produced by the parties may be offered at the time of trial.

**INTERROGATORY NO. 21:** Please give the name, current business address and telephone number, occupation, and employer of each expert witness whom you intend to call to testify at trial of this matter, as well as identify:

    a.    The subject matter on which each expert is expected to testify;

    b.    The substance of facts and opinions to which each is expected to testify; and

    c.    A summary of the grounds for each opinion to be given by each expert.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiff has not yet identified any expert witnesses.   Plaintiff will identify expert witnesses, if any, in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22**: Please identify all persons whom you intend to call as witnesses at the trial of this matter.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine.   Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Other than John Rothgeb, Plaintiff has not yet identified any individual he may call as a witness at the trial of this matter.   Plaintiff will identify any witness he intends to call in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure.   Witnesses may include persons identified by the parties in their respective Initial Disclosures and discovery responses, or in documents produced herein.

**INTERROGATORY NO. 23**: If you have obtained a written or recorded statement from any person or witness identified in responding to Interrogatory Nos. 3 or 4, please set forth the following information:

     a.     Who gave the statement;

     b.     The date of the statement;

     c.     The manner in which the statement was made and preserved;

     d.     Identify the person(s) who wrote, recorded, and/or transcribed the statement by

name, current address, telephone number, and relationship to Defendant; and

e.     The name, current address and telephone number of each person in custody or

control of each original and copy.

**ANSWER**: Plaintiff objects to the discovery request on the grounds that it is overbroad,

including in terms of time and is vague regarding the definition of the term "statement." Plaintiff

further objects to this discovery request insofar as it violates the attorney-client privilege and/or

the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff

responds as follows:

None.


**INTERROGATORY NO. 24**: Do you know of any person or witness who has, or

claims to have heard, read, or observed an admission made by the proponent of these

interrogatories, or by any agent, employee, or representative of same? If so, please set forth:

a.     The name of the person making such alleged admission;

b.     The content of the alleged admission;

c.     If written, the name, and current address and telephone number of each person in

custody or control of each original and copy; and

d.     Whether or not written, the name, and current address and telephone number of

each person hearing or seeing same.

**ANSWER**:

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege

and/or the work product doctrine. Subject to these objections, but without waiving the same,

Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include statements or other information appearing to constitute admissions by Defendant and/or its agent, employee, or representative.

**INTERROGATORY NO. 25**: For Plaintiffs' "breach of express or implied contract" claim, as alleged in paragraph Nos. 28-34 of Plaintiffs' Complaint:

    a.    Describe with specificity the factual basis for such claim;

    b.    Identify all persons who have knowledge of the facts on which such claim is based; and

    c.    Identify all documents, including page and paragraph number, which concern the facts upon which Plaintiffs claim is based.

**ANSWER**:

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include information responsive to this request.

**INTERROGATORY NO. 26**: For Plaintiffs' negligent misrepresentation claim, as alleged in paragraph Nos. 34-40 of Plaintiffs' Complaint:

    a.    Describe with specificity the factual basis for such claim;

    b.    Identify all persons who have knowledge of the facts on which such claims are based; and

c.      Identify all documents, including page and paragraph number, which concern the facts upon which Plaintiffs claims are based.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine.  Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include information responsive to this request.