RECEIVED MAR 19 2015

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KEOKUK GLYCERIN LLC and JOHN ROTHGEB, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST LABORATORIES, INC., <br><br> Defendant. | Case No. 3:14-cv-00111-JAJ-HCA <br><br> **PLAINTIFF JOHN ROTHGEB'S FIRST AMENDED ANSWERS, WITH OBJECTIONS, TO DEFENDANT'S INTERROGATORIES** |

COMES NOW Plaintiff John Rothgeb and hereby serves his Answers, With Objections, to Defendant's Interrogatories.

Date: March 17, 2015

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000; Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
         melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original to:

Craig F. Martin (AT0018133)
Lamson, Dugan and Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
ATTORNEYS FOR DEFENDANT
MIDWEST LABORATORIES, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 17 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By:  ~~Electronic Filing and/or~~
  X  U.S. Mail            ___ FAX
  ___ Hand Delivered      ___ Overnight Courier
  X  E-mail               ___ Other _____


EXHIBIT D

1

**INTERROGATORY NO. 1:** Please give your full legal name and any other names they have been known by, address, gender, date of birth and social security number.

**ANSWER:**

Plaintiff objects to the discovery request on the grounds that it is overbroad and calls for confidential information that is not relevant to the subject matter involved in the pending action. Plaintiff specifically objects to providing personal identification information to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

John Rothgeb, 1801 Grand Avenue, Keokuk, IA 52632.

**INTERROGATORY NO. 2:** Please list all residences of Plaintiff Rothgeb for the last 15 years.

**ANSWER:**

Plaintiff objects to the discovery request on the grounds that it is overbroad and calls for confidential information that is not relevant to the subject matter involved in the pending action. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

I reside at 1801 Grand Avenue, Keokuk, IA 52632.

**INTERROGATORY NO. 3:** Please identify all persons who in any way assisted you in responding to these interrogatories.

**ANSWER:**

Myself and my counsel herein.

**INTERROGATORY NO. 4:** For all persons who have discoverable information and/or knowledge of any facts relevant to subject matter of this litigation, including those individuals identified in Plaintiffs' Rule 26 disclosures, describe with specificity the knowledge Plaintiff believes is possessed by each person.

**ANSWER:**

Please see Plaintiffs' Initial Disclosures.

**INTERROGATORY NO. 5:** If you have obtained a written or recorded statement from any person or witness identified in responding to Interrogatory Nos. 3 or 4, please set forth the following information:

    a. Who gave the statement;

    b. The date of the statement;

    c. The manner in which the statement was made and preserved;

    d. Identify the person(s) who wrote, recorded, and/or transcribed the statement by name, current address, telephone number, and relationship to Defendant; and

    e. The name, current address and telephone number of each person in custody or control of each original and copy.

**ANSWER:** Plaintiff objects to the discovery request on the grounds that it is overbroad, including in terms of time and is vague regarding the definition of the term "statement." Plaintiff further objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

None.

**INTERROGATORY NO. 6:** Do you know of any person or witness who has, or claims to have heard, read, or observed an admission made by the proponent of these interrogatories, or by any agent, employee, or representative of same? If so, please set forth:

a.  The name of the person making such alleged admission;

b.  The content of the alleged admission;

c.  If written, the name, and current address and telephone number of each person in custody or control of each original and copy; and

d.  Whether or not written, the name, and current address and telephone number of each person hearing or seeing same.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include statements or other information appearing to constitute admissions by Defendant and/or its agent, employee, or representative.

Please see Plaintiffs' initial disclosures for a detailed list of persons who may have heard, read, or observed statements made by Plaintiffs about the claims asserted in this matter. In particular, the following individuals are likely to have information about such statements:

| WITNESS | SUMMARY OF STATEMENTS |
|---|---|
| Al Moander<br><br>319-520-8235 | • Knowledge of the Keokuk Glycerin's operation and business, including its value;<br>• Knowledge of GreenMan's intent to purchase Keokuk Glycerin;<br>• Knowledge of contract and course of dealing with Midwest Labs;<br>• Knowledge of testing results received from Midwest Labs; |

4

| | |
|---|---|
| | • Knowledge of Midwest Labs' breach of contract related to biodiesel fuel testing;<br>• Knowledge of Midwest Labs' negligent misrepresentation of biodiesel fuel testing results; and<br>• Knowledge of damages resulting from Midwest Labs' breach of contract and negligent misrepresentation. |
| Lyle Jensen, President of GreenMan Technologies, Inc.<br><br>515-462-1630 | • Knowledge of the Keokuk Glycerin's operation and business, including its value;<br>• Knowledge of GreenMan Technology, Inc.'s intent to purchase Keokuk Glycerin;<br>• Knowledge of testing results received from Midwest Labs; and<br>• Knowledge of effect of testing results on GreenMan's intent to purchase Keokuk Glycerin; and<br>• Knowledge of damages suffered by Keokuk Glycerin and Rothgeb. |
| Heather Ramig, Client Services, Fuel Division of Midwest Laboratories, Inc.;<br><br>13611 B Street<br>Omaha, NE 68144<br>402-334-7770 | • May have knowledge of Midwest Labs' contract and course of dealing with Keokuk Glycerin and Rothgeb;<br>• May have knowledge of testing procedures at Midwest Labs;<br>• May have knowledge of Midwest Labs' errors in the testing of glycerin samples received from Keokuk Glycerin and Rothgeb;<br>• May have knowledge of investigation at Midwest Labs related to errors in the testing of glycerin samples received from Keokuk Glycerin and Rothgeb; and<br>• May have knowledge of communication from Midwest Labs to Keokuk Glycerin and Rothgeb regarding testing results. |
| John Coonfare, Biodiesel Lab Supervisor, Fuel Division of Midwest Laboratories, Inc.;<br><br>13611 B Street<br>Omaha, NE 68144<br>402-334-7770 | • May have knowledge of Midwest Labs' contract and course of dealing with Keokuk Glycerin and Rothgeb;<br>• May have knowledge of testing procedures at Midwest Labs;<br>• May have knowledge of Midwest Labs' errors in the testing of glycerin samples received from Keokuk Glycerin and Rothgeb;<br>• May have knowledge of investigation at Midwest Labs related to errors in the testing of glycerin samples received from Keokuk Glycerin and Rothgeb; and<br>• May have knowledge of communication from Midwest Labs to Keokuk Glycerin and Rothgeb regarding testing results. |

**INTERROGATORY NO. 7:** For Plaintiffs' "breach of express or implied contract" claim, as alleged in paragraph Nos. 28-34 of Plaintiffs' Complaint:

a. Describe with specificity the factual basis for such claim;

b. Identify all persons who have knowledge of the facts on which such claim is based; and

c. Identify all documents, including page and paragraph number, which concern the facts upon which Plaintiffs claim is based.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

John Rothgeb and Keokuk Glycerin had a valid and enforceable agreement with Defendant Midwest Laboratories, Inc. ("Midwest Labs"). Namely, Rothgeb and Keokuk Glycerin engaged Midwest Labs to test glycerin samples from Keokuk Glycerin's facility in Iowa. Implied in the terms of the engagement was Midwest Labs' commitment to perform testing procedures in accordance with an appropriate standard of care and to communicate testing results in an accurate and timely manner.

Rothgeb and Keokuk Glycerin performed its obligations under the agreement by providing samples of glycerin from Keokuk Glycerin's facility in Iowa and by paying for Midwest Labs to test the samples. The samples provided to Midwest Labs were classified as "rush" samples to indicate that they were time sensitive to Rothgeb and Keokuk Glycerin.

Midwest Labs breached the agreement with Rothgeb and Keokuk Glycerin by failing to exercise reasonable care in testing the glycerin samples, failing to provide accurate testing results, failing to exercise reasonable care or competence in obtaining or communicating testing results to Keokuk Glycerin and Rothgeb. A July 30, 2009 letter from Midwest Labs to Keokuk Glycerin and Rothgeb identifies the breach of the agreement and resulting "corrective actions." Midwest 00149-00156. In addition, an e-mail from John Coonfare dated July 28, 2009, admits that "[t]his was my screw up" and identifies erroneous assumptions causing a delay in accurate testing information from reaching Rothgeb and Keokuk Glycerin. Midwest 169.

Midwest Labs' breach of the agreement caused significant damage to both Rothgeb and Keokuk Glycerin. *See, e.g.*, Midwest 172. For example, Rothgeb and Keokuk Glycerin had a binding letter of intent to sell Keokuk Glycerin to GreenMan Technologies, Inc. ("GreenMan") conditioned on Keokuk Glycerin achieving certain glycerin levels. KG00025 – 28. Midwest Labs' breach of the agreement by failing to exercise reasonable care in testing the glycerin samples, failing to provide accurate testing results, failing to exercise reasonable care or competence in obtaining or communicating testing results to Keokuk Glycerin and Rothgeb, caused the deal with GreenMan to fail. *See* KG00300-01 and KG00480-81.

Individuals who have knowledge of the facts supporting this claim and a summary of that knowledge are provided in Plaintiffs' and Defendant's initial disclosures.

Please see the documents produced herein by Plaintiffs and Defendant, which include information responsive to this request. For example, see the following documents:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

7

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

**INTERROGATORY NO. 8:** For Plaintiffs' negligent misrepresentation claim, as alleged in paragraph Nos. 34-40 of Plaintiffs' Complaint:

a.  Describe with specificity the factual basis for such claim;

b.  Identify all persons who have knowledge of the facts on which such claims are based; and

c.  Identify all documents, including page and paragraph number, which concern the facts upon which Plaintiffs claims are based.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Midwest Labs is in the business of testing ethanol and biodiesel fuels and providing testing results to customers. As such, Midwest Labs has a pecuniary interest in providing information to others, including information related to testing results.

Keokuk Glycerin and Rothgeb engaged Midwest Labs to test samples of glycerin from Keokuk Glycerin's facility in Iowa. Midwest Labs was aware that Keokuk Glycerin and Rothgeb were using the testing results to guide their business transactions with third-parties and that time was of the essence. For example, the testing samples Keokuk Glycerin and Rothgeb were marked as "rush" to indicate that the results were needed as soon as possible. As explained in a July 30, 2009 letter to Keokuk Glycerin and Rothgeb and in Midwest Labs' internal email communications, Midwest Labs failed to exercise reasonable care or competence in obtaining or communicating testing results to Keokuk Glycerin and Rothgeb.

Keokuk Glycerin and Rothgeb justifiably relied on the testing results provided by Midwest Labs in guiding its business transactions. As a direct and proximate result of Midwest Labs' failure to exercise reasonable care or competence in obtaining or communicating the information related to testing results, Keokuk Glycerin's and Rothgeb's deal with GreenMan failed resulting in significant damages to Keokuk Glycerin and Rothgeb.

Individuals who have knowledge of the facts supporting this claim and a summary of that knowledge are provided in Plaintiffs' and Defendant's initial disclosures.

Please see the documents produced herein by Plaintiffs and Defendant, which include information responsive to this request. For example, please see:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

10

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

**INTERROGATORY NO. 9:** Please give the name, current business address and telephone number, occupation, and employer of each expert witness whom you intend to call to testify at trial of this matter, as well as identify:

a.  The subject matter on which each expert is expected to testify;

b.  The substance of facts and opinions to which each is expected to testify; and

c.  A summary of the grounds for each opinion to be given by each expert.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

11

Plaintiff has not yet identified any expert witnesses. Plaintiff will identify expert witnesses, if any, in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:** Please identify all persons whom you intend to call as witnesses at the trial of this matter.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Other than himself, Plaintiff has not yet identified any individual he may call as a witness at the trial of this matter. Plaintiff will identify any witness he intends to call in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure. Witnesses may include persons identified by the parties in their respective Initial Disclosures and discovery responses, or in documents produced herein.

**INTERROGATORY NO. 11:** Please identify all documents you intend to offer at the trial of this matter.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiff has not yet identified exhibits he intends to offer at the trial of this matter. Plaintiff will identify exhibits in accordance with the scheduling order entered in this case and the Federal Rules of Civil Procedure. Plaintiff reasonably believes that documents or items being produced by the parties may be offered at the time of trial.

**INTERROGATORY NO. 12:** Please describe with specificity the factual basis for your allegation in paragraph No. 30 of Plaintiffs' Complaint that "Rothgeb and Defendant have a valid and enforceable express or implied contract for services."

**ANSWER:**

Defendant agreed orally and in writing (through phone conversations and correspondence) to test samples from Plaintiffs' facility and to provide testing results to Plaintiffs in exchange for compensation. Plaintiffs provided samples for testing to Defendant. Plaintiffs then paid Defendant to perform such testing and to provide the results of that testing.

**INTERROGATORY NO. 13:** Please itemize and describe with specificity all individual damages sustained by Plaintiff Rothgeb personally that Plaintiff claims were proximately caused by conduct attributable to Defendant, and the factual and mathematical methods used to calculate same, if any.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

13

Plaintiff lost the value of his interest in Keokuk Glycerin LLC and the profit he expected to receive as a result of a sale of that business to a third party—GreenMan Technologies, Inc. GreenMan intended to pay over one million dollars for Keokuk Glycerin LLC and related interests. Discovery is ongoing, and this answer may be supplemented.

**INTERROGATORY NO. 14:** Please identify all agreements, purchase orders, documentation, or other materials pertaining to Plaintiffs' express or implied contract with Defendant as alleged in Plaintiffs' Complaint.

**ANSWER:**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, including in terms of time. In addition, Plaintiff objects to this Interrogatory on the grounds that it is vague as to the "agreements, purchase orders, documentation or other materials" requested. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request. For example, please see:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

**INTERROGATORY NO. 15:** Please identify all of materials, documentation and/or correspondence pertaining to any and all sample materials and test results, as referenced in paragraph Nos. 11-16 of Plaintiffs' Complaint, throughout the duration of the parties' commercial relationship.

**ANSWER:**

Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request. For example, please see:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

**INTERROGATORY NO. 16:** Please identify all of materials, documentation and/or correspondence pertaining to GreenMan Technologies' agreement or "intent to purchase" Keokuk Glycerin, LLC.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Please see the documents produced herein by Plaintiffs and Defendant, which include documents responsive to this request. In particular, see the April 20, 2009 letter of intent from GreenMan to Keokuk Glycerin and Rothgeb. For example, see: KG00025-41; KG00046-59; KG00068-81; KG00083-92; KG00100-105; and KG00204-326.

**INTERROGATORY NO. 17:** Please identify all individuals involved in arranging, negotiating, or agreeing to the sale of Keokuk Glycerin, LLC, to GreenMan Technologies.

**ANSWER:**

John Rothgeb, Al Moander, and Lyle Jensen. It is believed other agents, employees, or representatives of GreenMan may have been involved, but Plaintiff does not recall their names at this time.

**INTERROGATORY NO. 18:** Please state with specificity the factual basis for your allegation that "Keokuk Glycerin and Rothgeb informed Defendant that they would be using Defendant's testing results to guide business transactions with a third-party," as alleged in paragraph No. 11 of Plaintiffs' Complaint.

**ANSWER:**

Plaintiff objects to this discovery request insofar as it violates the attorney-client privilege and/or the work product doctrine. Subject to these objections, but without waiving the same, Plaintiff responds as follows:

Plaintiff, as President of Keokuk Glycerin, contacted Defendant for purposes of testing materials from Keokuk Glycerin's facility. Based on the oral representations, the course of dealing, and the circumstances of the testing, Defendant was aware that Plaintiffs would be using Defendant's testing results to guide business transactions with a third-party.