IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KEOKUK GLYCERIN LLC and JOHN ROTHGEB,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST LABORATORIES, INC.,<br><br>Defendant. | Case No. 3:14-cv-00111-JAJ-HCA<br><br>**PLAINTIFF KEOKUK GLYCERIN LLC'S RESPONSES, WITH OBJECTIONS, TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

COMES NOW Plaintiff Keokuk Glycerin and hereby serves its Responses, with Objections, to Defendant's Request for Production of Documents.

Date: February 9, 2015

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000; Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
        melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original to:

Craig F. Martin
Lamson, Dugan and Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 9, 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By: ~~Electronic Filing and/or~~
     X    U.S. Mail         ___ FAX
     ___ Hand Delivered    ___ Overnight Courier
     X    E-mail           ___ Other



EXHIBIT E

1

**REQUEST NO. 1**: All documents identified in your answers to Defendant's Interrogatories.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 2**: Any and all contracts between Keokuk Glycerin and Defendant.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, Keokuk Glycerin states as follows: because Keokuk Glycerin's contract(s) with Defendant were oral and/or implied it is not aware of any written contracts between it and Defendant.

**REQUEST NO. 3**: Any and all documents you may use to support or otherwise pertaining to your breach of contract claim asserted against the Defendant.

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Keokuk Glycerin may use any documents produced by the parties in this matter.

**REQUEST NO. 4**: Any and all documents you may use to support or otherwise pertaining to your negligent misrepresentation claim asserted against the Defendant.

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Keokuk Glycerin may use any documents produced by the parties in this matter.

**REQUEST NO. 5**: All correspondence between Plaintiffs and Defendant related to the subject matter of this action.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 6**: All correspondence between Plaintiffs and GreenMan Technologies, Inc., related to the subject matter of this action.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 7**: All correspondence exchanged before and after the start of this litigation, between Plaintiff and any third parties related to the subject matter of this action.

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 8**: All correspondence between Plaintiffs and GreenMan Technologies relating to any other transactions between the two entities.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that it is overbroad in terms of time

4

and scope (e.g., it requests "[a]ll correspondence . . . relating to any other transactions" and does not provide a time frame). In addition, such other transactions, if any, are not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**: All correspondence between Plaintiffs and any other entities relating to the sale of Keokuk Glycerin in the last ten years.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that it is overbroad in terms of time and scope (e.g., it requests "[a]ll correspondence" over a period of ten years when the transaction at issue in this action occurred in 2009). In addition, correspondence is not reasonably calculated to lead to the discovery of admissible evidence.

Keokuk Glycerin further objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, the Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 10**: The curriculum vitae of any expert witness whom Plaintiff expects to testify at the trial of this action and all reports, summaries and written statements prepared by, on behalf of, or for such expert witness for use in this action.

**RESPONSE**:

5

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties. Keokuk Glycerin further objects to this Request to the extent it calls for draft reports from any experts regardless of the form in which the report is drafted.

Subject to these objections, and without waiver thereof, Keokuk Glycerin has not yet identified any experts it expects to testify at the trial of this action. Keokuk Glycerin will produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 11**: All documents provided to any expert witness whom you expect to testify at the trial of this action.

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections, and without waiver thereof, Keokuk Glycerin has not yet identified any experts it expects to testify at the trial of this action. Keokuk Glycerin will

produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 12**: All applicable agreements between Plaintiffs and Defendant or any agreements between you and any third-party applicable to the matters at issue in the above case.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 13**: All documents identified in Plaintiffs' Rule 26 Initial Disclosures.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 14**: All documents and correspondence pertaining to the allegation in Paragraph No. 8 of Plaintiffs' complaint that "GreenMan Technologies, Inc. submitted a binding letter of intent to purchase Keokuk Glycerin for $1,500,000."

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of

those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 15**: All documents and correspondence pertaining to the allegation in Paragraph No. 19 of Plaintiffs' complaint that "Based on Defendant's July 16, 2009, report, GreenMan withdrew its letter of intent to purchase Keokuk Glycerin."

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 16**: All documents and correspondence pertaining to the allegation in Paragraph No. 20 of Plaintiffs' complaint that "If the original report from the Defendant had indicated that glycerin samples from Keokuk Glycerin's facility tested at 87.4% and 90.3%, GreenMan would have purchased Keokuk Glycerin."

**RESPONSE**:

Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 17**: Keokuk Glycerin's federal and state tax returns for the last 10 years.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that the time period covered by the Request is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing the last 10 years of tax returns would be unduly burdensome and unnecessarily increase the cost of litigation.

**REQUEST NO. 18**: All documents and correspondence pertaining to Keokuk Glycerin's annual earnings, debts and assets, profitability, or any other information pertaining to the company's financial condition from the date of incorporation through the present.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that the time period and scope of documents covered by the Request ("[a]ll documents and correspondence") is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing

all such documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 19**: All documents pertaining to Keokuk Glycerin's corporate structure, formation, or management, including but not limited to its members, officers, shareholder interests, management and governance, operating agreements, and articles of organization from the time of formation through the present.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that the time period and scope of documents covered by the Request ("[a]ll documents") is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing all such documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 20**: All documents pertaining to Keokuk Glycerin's involvement in *First Midwest Bank v. Tri-City Energy, LLC, et al.*, Equity Case No. EQEQ4974(s) (Lee County, Iowa), the related auction sale, and any resulting asset purchase or transfer of ownership.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that it is overbroad in terms of time and scope (e.g. it requests "all documents") and is not reasonably calculated to the lead to the

discovery of admissible evidence. To the extent such documents are public record and are equally available to the Defendant via the clerk of court, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation. In addition, Keokuk Glycerin objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of *First Midwest Bank v. Tri-City Energy, LLC, et al.,* Equity Case No. EQEQ4974(s) (Lee County, Iowa), are withheld on the basis of privilege, Keokuk Glycerin will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

**REQUEST NO. 21**: All communications, emails, or other documents between you and any potential buyers of Keokuk Glycerin taking place after GreenMan Technologies withdrew its intent to purchase the company on or about July 30, 2009.

**RESPONSE**:

Keokuk Glycerin objects to this Request on the basis that the scope of documents covered by the Request ("[a]ll communications, emails, or other documents") is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing all such documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.