# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### EASTERN DIVISION

KEOKUK GLYCERIN LLC and
JOHN ROTHGEB,

    Plaintiffs,

v.

MIDWEST LABORATORIES, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 3:14-cv-00111-JAJ-HCA

**PLAINTIFF JOHN ROTHGEB'S RESPONSES, WITH OBJECTIONS, TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff John Rothgeb and hereby serves his Responses, with Objections, to Defendant's Request for Production of Documents.

Date: <u>February 9, 2015</u>

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000; Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
      melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

<u>Original to:</u>

Craig F. Martin
Lamson, Dugan and Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 9, 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By: ~~Electronic Filing and/or~~
   X  U.S. Mail          FAX
      Hand Delivered     Overnight Courier
   X  E-mail          Other _____



EXHIBIT
G

1

**REQUEST NO. 1**: All documents identified in your answers to Defendant's Interrogatories.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 2**: Your State and Federal individual tax returns for the last 10 years.

**RESPONSE**:

Rothgeb objects to this Request on the basis that the time period covered by the Request is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing the last 10 years of tax returns would be unduly burdensome and unnecessarily increase the cost of litigation.

**REQUEST NO. 3**: Any and all contracts between you and Defendant.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, Rothgeb states as follows: because Rothgeb's contract(s) with Defendant were oral and/or implied he is not aware of any written contracts between him and Defendant.

**REQUEST NO. 4**: Any and all documents you may use to support or otherwise pertaining to your breach of contract claim asserted against the Defendant.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Rothgeb may use any documents produced by the parties in this matter.

**REQUEST NO. 5**: Any and all documents you may use to support or otherwise pertaining to your negligent misrepresentation claim asserted against the Defendant.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Rothgeb may use any documents produced by the parties in this matter.

**REQUEST NO. 6**: All correspondence between you and Defendant related to the subject matter of this action.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 7**: All correspondence between you and GreenMan Technologies, Inc., related to the subject matter of this action.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 8**: All correspondence exchanged before and after the start of this litigation, between you and any third parties related to the subject matter of this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 9:** The curriculum vitae of any expert witness whom you expect to testify at the trial of this action and all reports, summaries and written statements prepared by, on behalf of, or for such expert witness for use in this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties. Rothgeb further objects to this Request to the extent it calls for draft reports from any experts regardless of the form in which the report is drafted.

Subject to these objections, and without waiver thereof, Rothgeb has not yet identified any experts he expects to testify at the trial of this action. Rothgeb will produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 10:** All documents provided to any expert witness whom you expect to testify at the trial of this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections, and without waiver thereof, Rothgeb has not yet identified any experts he expects to testify at the trial of this action.  Rothgeb will produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 11**: All applicable agreements between you and Defendant or any agreements between you and any third-party applicable to the matters at issue in the above case.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 12**: All documents pertaining to your ownership interest, membership, management, or other involvement with Keokuk Glycerin, LLC.

**RESPONSE**:

To the extent such documents are equally available to the Defendant on the Iowa Secretary of State's website, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation. Subject to these objections, and without waiver thereof, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 13**: All documents identified in Plaintiffs' Rule 26 Initial Disclosures.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 14**: All documents pertaining to your involvement in *First Midwest Bank v. Tri-City Energy, LLC, et al.,* Equity Case No. EQEQ4974(s) (Lee County, Iowa), the related auction sale, and any resulting asset purchase or transfer of ownership.

**RESPONSE**:

Rothgeb objects to this Request on the basis that it is overbroad in terms of time and scope (e.g. it requests "all documents") and is not reasonably calculated to the lead to the discovery of admissible evidence.  To the extent such documents are public record and are equally available to the Defendant via the clerk of court, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.  In addition, Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine.  To the extent any documents prepared prior to the filing of *First Midwest Bank v. Tri-City Energy, LLC, et al.,* Equity Case No. EQEQ4974(s) (Lee County, Iowa), are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

**REQUEST NO. 15**: All communications, emails, or other documents between you and any potential buyers of Keokuk Glycerin taking place after GreenMan Technologies withdrew its intent to purchase the company in July 2009.

**RESPONSE**:

Rothgeb objects to this Request on the basis that it is overbroad in terms of time and scope (e.g. it requests "[a]ll communications, emails, or other documents") and is not reasonably calculated to the lead to the discovery of admissible evidence.