IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KEOKUK GLYCERIN LLC and JOHN ROTHGEB, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST LABORATORIES, INC., <br><br> Defendant. | Case No. 3:14-cv-00111-JAJ-HCA <br><br> **PLAINTIFF JOHN ROTHGEB'S FIRST AMENDED RESPONSES, WITH OBJECTIONS, TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

COMES NOW Plaintiff John Rothgeb and hereby serves his Responses, with Objections, to Defendant's Request for Production of Documents.

Date: March 17, 2015

William J. Miller (AT0005414)
Brian A. Melhus (AT0011421)
Dorsey & Whitney LLP
801 Grand Avenue, Suite 4100
Des Moines, Iowa 50309-2790
Tel: (515) 283-1000; Fax: (515) 283-1060
E-mail: miller.william@dorsey.com
        melhus.brian@dorsey.com
**ATTORNEYS FOR PLAINTIFFS**

Original to:

Craig F. Martin
Lamson, Dugan and Murray, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 17 2015, the foregoing instrument was served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

By: ~~Electronic Filing and/or~~
    X  U.S. Mail           FAX
        Hand Delivered    Overnight Courier
    X  E-mail             Other



EXHIBIT H

1

**REQUEST NO. 1**: All documents identified in your answers to Defendant's Interrogatories.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 2**: Your State and Federal individual tax returns for the last 10 years.

**RESPONSE**:

Rothgeb objects to this Request on the basis that the time period covered by the Request is overbroad and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, producing the last 10 years of tax returns would be unduly burdensome and unnecessarily increase the cost of litigation.

**REQUEST NO. 3**: Any and all contracts between you and Defendant.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Subject to these objections and without waiving the same, Rothgeb states as follows: because Rothgeb's contract(s) with Defendant were oral and/or implied he is not aware of any written contracts between him and Defendant. As identified in Plaintiffs answers to interrogatories, documents supporting such contracts include the following:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

2

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

**REQUEST NO. 4**: Any and all documents you may use to support or otherwise pertaining to your breach of contract claim asserted against the Defendant.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Rothgeb may use any documents produced by the parties in this matter.

**REQUEST NO. 5**: Any and all documents you may use to support or otherwise pertaining to your negligent misrepresentation claim asserted against the Defendant.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request. In addition, Rothgeb may use any documents produced by the parties in this matter.

**REQUEST NO. 6**: All correspondence between you and Defendant related to the subject matter of this action.

**RESPONSE**:

To the extent such documents are equally available to the Defendant, Keokuk Glycerin objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation.

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 7**: All correspondence between you and GreenMan Technologies, Inc., related to the subject matter of this action.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 8**: All correspondence exchanged before and after the start of this litigation, between you and any third parties related to the subject matter of this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as

required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections and without waiving the same, please see the attached documents which may be responsive to this Request.

**REQUEST NO. 9**: The curriculum vitae of any expert witness whom you expect to testify at the trial of this action and all reports, summaries and written statements prepared by, on behalf of, or for such expert witness for use in this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties. Rothgeb further objects to this Request to the extent it calls for draft reports from any experts regardless of the form in which the report is drafted.

Subject to these objections, and without waiver thereof, Rothgeb has not yet identified any experts he expects to testify at the trial of this action. Rothgeb will produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 10**: All documents provided to any expert witness whom you expect to testify at the trial of this action.

**RESPONSE**:

Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine and is beyond the permissible scope of discovery. To the extent any documents prepared prior to the filing of this lawsuit are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

Subject to these objections, and without waiver thereof, Rothgeb has not yet identified any experts he expects to testify at the trial of this action. Rothgeb will produce the requested documents, if any, to the extent required by the Federal Rules of Civil Procedure.

**REQUEST NO. 11**: All applicable agreements between you and Defendant or any agreements between you and any third-party applicable to the matters at issue in the above case.

**RESPONSE**:

Please see the attached documents which may be responsive to this Request. As identified in Plaintiffs' answers to interrogatories, documents which may support agreements with Defendant include:

Email from John Rothgeb at Midwest 160;

Email from Heather Ramig at Midwest 161;

Biodiesel / Glycerin Sample Submittal Form at Midwest 109;

Special Analysis Worksheet at Midwest 110;

Prepaid Account Form at Midwest 122;

Report of Analysis at Midwest 00123;

Biodiesel / Glycerin Sample Submittal Form at Midwest 00124;

Special Analysis Worksheets at Midwest 00125-126;

Prepaid Account Form at Midwest 138;

Report of Analysis at Midwest 00139;

Letter to John Rothgeb at Midwest 00149 -156;

Report of Analysis at Midwest 159;

Email from John Rothgeb at Midwest 161;

Email from Heather Ramig at Midwest 164;

Email from Heather Ramig at Midwest 166;

Email from John Rothgeb at Midwest 167;

Email from John Coonfare at Midwest 169;

Email from Heather Ramig at Midwest 169;

Email from John Rothgeb at Midwest 172;

Binding Letter of Intent at KG00025 – 28;

Email from Chuck Coppa (May 20, 2009) at KG00464;

Email from Lyle Jensen (June 9, 2009) KG00462;

Email from Lyle Jensen (July 17, 2009) at KG00300;

Email from John Rothgeb (July 17, 2009) at KG00300-01;

Email from Rothgeb (July 22, 2009) at KG00480-81; and

Letter from Midwest Labs (July 30, 2009) and related Reports at KG00001-24.

In addition, documents which may support an agreement with a third-party include the following: KG00025-41; KG00046-59; KG00068-81; KG00083-92; KG00100-105; and KG00204-326.

**REQUEST NO. 12**: All documents pertaining to your ownership interest, membership, management, or other involvement with Keokuk Glycerin, LLC.

8

**RESPONSE:**

To the extent such documents are equally available to the Defendant on the Iowa Secretary of State's website, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation. Subject to these objections, and without waiver thereof, please see the attached documents which may be responsive to this Request. For example, please see KG00025-41; KG00046-59; KG00068-81; KG00083-92; KG00100-105; and KG00204-326.

**REQUEST NO. 13**: All documents identified in Plaintiffs' Rule 26 Initial Disclosures.

**RESPONSE:**

Please see the attached documents which may be responsive to this Request.

**REQUEST NO. 14**: All documents pertaining to your involvement in *First Midwest Bank v. Tri-City Energy, LLC, et al.,* Equity Case No. EQEQ4974(s) (Lee County, Iowa), the related auction sale, and any resulting asset purchase or transfer of ownership.

**RESPONSE:**

Rothgeb objects to this Request on the basis that it is overbroad in terms of time and scope (e.g. it requests "all documents") and is not reasonably calculated to the lead to the discovery of admissible evidence. To the extent such documents are public record and are equally available to the Defendant via the clerk of court, Rothgeb objects to this Request on the basis that production of these documents would be unduly burdensome and unnecessarily increase the cost of litigation. In addition, Rothgeb objects to this Request to the extent it violates the attorney-client privilege and/or work product doctrine. To the extent any documents

prepared prior to the filing of *First Midwest Bank v. Tri-City Energy, LLC, et al.*, Equity Case No. EQEQ4974(s) (Lee County, Iowa), are withheld on the basis of privilege, Rothgeb will produce a log of those documents as required by the Federal Rules of Civil Procedure and/or the ESI protocol entered into by the parties.

**REQUEST NO. 15**: All communications, emails, or other documents between you and any potential buyers of Keokuk Glycerin taking place after GreenMan Technologies withdrew its intent to purchase the company in July 2009.

**RESPONSE**:

Rothgeb objects to this Request on the basis that it is overbroad in terms of time and scope (e.g. it requests "[a]ll communications, emails, or other documents") and is not reasonably calculated to the lead to the discovery of admissible evidence.