IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| KEOKUK GLYCERIN, LLC and JOHN ROTHGEB,<br><br>Plaintiff(s),<br><br>vs.<br><br>MIDWEST LABORATORIES, INC.,<br><br>Defendant(s). | 3:14-cv-111-JAJ-HCA<br><br><br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER |

Before the Court is defendant's resisted motion for leave to amend its answer [16]. It is considered on the motion papers. LR 7.c. The motion has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff Keokuk Glycerin LLC ("Keokuk Glycerin") is an Iowa limited liability company engaged in the refinement of glycerin to produce biodiesel fuel. Plaintiff John Rothgeb ("Rothgeb") along with two other member managers formed Keokuk Glycerin on December 19, 2007. In April 2009 GreenMan Technologies, Inc. made an offer to purchase Keokuk Glycerin conditioned on Keokuk Glycerin's ability to produce acceptable levels of industrial grade glycerin. Defendant Midwest Laboratories was hired to performing the testing. As alleged in the state court petition, defendant used an erroneous test procedure which resulted in a report indicating the glycerin from plaintiff's facility was below industrial grade glycerin standards. GreenMan withdrew its letter of intent to purchase, plaintiffs were unable to secure another buyer and ultimately failed as a business.

Plaintiffs filed the present action in the Iowa District Court for Lee County on September 8, 2014, alleging breach of express or implied contract (Count I) and negligent misrepresentation (Count II). Defendant removed the case to this Court on diversity grounds on October 2, 2014 and filed its Answer on October 22, 2014. The Court entered the parties' proposed scheduling order and discovery plan on December 9, 2014, which in pertinent part set a deadline for motions to amend pleadings of February 10, 2015. The present motion to amend was filed April 9, 2015.

Defendant seeks to add two affirmative defenses to its Answer: (1) that plaintiffs' claims may be barred by the economic loss doctrine and (2) plaintiffs may be judicially estopped from making their claims based on the bankruptcy filing of an individual named Gerald Moughler who, according to plaintiffs' Amended Answer to defendant's Interrogatory No. 6, is a "member" of Keokuk Glycerin and whose company, Tri-City Energy, LLC, may have owned a majority share of Keokuk Glycerin at the time Moughler declared bankruptcy. Plaintiffs primarily rely on futility of the defenses in resisting defendant's motion for leave to amend.

A.  Timeliness

When a party seeks leave to amend after the pleading deadline established by a scheduling order and discovery plan, "Fed. R. Civ. P. 16(b), 'not the more liberal standard of [Fed. R. Civ. P. 15(a)]' governs." *Morrison Enter. LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir.), *cert. denied*, 132 S. Ct. 244 (2011)(quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Rule 16(b) requires a showing of good cause to modify a scheduling order. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)(quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). The movant must generally show that it could not have reasonably

complied with the scheduling order deadline. *See Sherman*, 532 F.3d at 717 (citing Fed. R. Civ. P. 16(b) Advisory Committee Note (1983 Amendment)).

As noted above, the deadline for motions to amend pleadings was February 10, 2015. The present motion was filed April 9, 2015, approximately two months after the deadline. Defendant cites to its receipt of plaintiffs' initial and amended responses to defendant's written discovery in February and March 2015 as providing the first information which alerted defendant to the possibility of the two defenses, particularly the judicial estoppel defense. (Def. Motion [16] at 4). In view of the timing of defendant's receipt of plaintiff's relevant discovery on the eve of and just after the pleadings deadline, it is not reasonable to have expected defendant to seek leave to amend to add the new defenses prior to the pleading deadline, even with the exercise of diligence. It is still early in the case: the first disclosure of expert reports is not due until June 11, 2015, discovery does not close until October 14, 2015 and jury trial is not until April 25, 2016. Defendant's motion was not overly delayed as it was filed within two months of the expired pleadings deadline. There is good cause to allow the proposed amendments out of time.

B.  Futility

Timeliness aside, the critical focus of the parties' arguments is on whether the proposed amendments are futile. Merits review for futility on a motion for leave to amend is very limited. Only if the proposed amendment is legally insufficient or frivolous on its face is it appropriate to deny leave to amend on the merits. *See Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999); *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994), *cert. denied*, 513 U.S. 1198 (1995)(quoting *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)); *Williams v. Little Rock Mun. Water Works*, 21

F.3d 218, 225 (8th Cir. 1994); 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 1487 at 732-741.

Before addressing defendant's proposed amendments, the Court notes the parties have briefed the substantive issues under both Iowa and Nebraska law. There does not appear to be any written contract in the pleadings containing a governing law provision. As the Court reads the motion papers, the alleged contract was based on oral representations and emails. Generally, in a diversity jurisdiction case the federal court applies the law, including the choice of law principles, of the forum state – here Iowa. *Rosemann v. Sigillito*, __ F.3d __, 2015 WL 1963634, at *3 (8th Cir. May 4, 2015); *Eagle Technology v. Expander Americas, Inc.*, __ F.3d __, 2015 WL 1810474, at *5 (8th Cir. April 22, 2015). Iowa courts follow the choice-of-law principles of the *Restatement (Second) of Conflict of Laws. Hussemann ex rel. Ritter v. Hussemann*, 847 N.W.2d 219, 222 (Iowa 2014). The parties make no argument about relevant factors in order to apply Iowa's choice-of-law principles where, as here, there is no effective choice by the parties. *Restatement (Second) of Conflict of Law* § 188 (1971). In the absence of another reason to consider the law of another state under these principles, the Court will follow Iowa law.

   1.   Economic Loss Doctrine

Defendant seeks to add as an affirmative defense the economic loss doctrine as a bar to plaintiffs' claims of breach of contract and negligent misrepresentation, arguing that plaintiffs' breach of contract claim rests on an allegation defendant's performance under the contract was negligent, thus transforming the breach of contract claim into a tort action. Plaintiffs respond that under Iowa law the economic loss doctrine applies only to tort claims, although not to claims for the tort of negligent misrepresentation and not to claims for breach of contract. Defendant replies

that based on the discovery it has received plaintiffs' claims both should be characterized as arising in ordinary negligence, which could be barred by the economic loss doctrine.

The economic loss doctrine, which bars recovery in negligence claims when the plaintiff has suffered only economic loss, is as discussed by the Iowa Supreme Court

> partly intended to prevent . . . the tortification of contract law. When two parties have a contractual relationship, the economic loss rule prevents one party from bringing a negligence action against the other over the first party's defeated expectations – a subject matter the parties can be presumed to have allocated between themselves in their contract.

*Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499, 503 (Iowa 2011). There are exceptions to the rule: economic losses may be recovered in actions alleging professional negligence against attorneys and accountants and those making claims of negligent misrepresentation. *Id.* (citing *Van Sickle Constr. Co. v. Wachovia Commercial Mortg.*, 783 N.W.2d 684, 692 n.5 (Iowa 2010)).

Plaintiffs' claims as currently pled are labeled as breach of contract and negligent misrepresentation claims under Iowa law. Defendant argues that, in reality, plaintiffs' breach of contract claim is an ordinary negligence claim subject to the economic loss doctrine. Defendant also alleges, and cites authority supporting, that the economic loss doctrine can apply to a negligent representation claim under certain circumstances. Based on the current record and the futility standard on a motion to amend, the Court does not find that the proposed amendment is futile.

The economic loss doctrine, however, is not a defense which must be affirmatively alleged. *See* Fed. R. Civ. P. 8(c); *Johnson v. Wells Fargo Home Mortgage*, No. 3:05-cv-0321-RAM, 2007 WL 3226153 (D. Nev. Oct. 29, 2007); *St. Paul Mercury Ins. Co. v. Viking Corp.*, No. 04-C-1124, 2007 WL 129063, at *22 (E.D. Wis. Jan. 12, 2007)("The economic loss doctrine is not an affirmative defense which can be waived under Fed.R.Civ.P. 12(h)(1)….courts regularly decide motions to dismiss under Rule 12(b)(6) based on the economic loss doctrine. Given that it is

improper to grant a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense, it logically follows that the economic loss doctrine is not an affirmative defense which must be pled as such.")  Accordingly, there is no need to amend to add the economic loss doctrine as an affirmative defense and there is no good cause for the amendment.  This ruling should not preclude defendant from raising the economic loss doctrine as a bar to plaintiffs' claims on a proper summary judgment record. Plaintiff could not in resistance claim surprise as defendant has surfaced application of the economic loss doctrine early on, even if the Court does not allow it as an amendment to the pleadings.

    2.    Judicial Estoppel

Defendant additionally seeks leave to assert judicial estoppel as an affirmative defense, citing to discovery responses from plaintiffs which seem to indicate that a current member of plaintiff Keokuk Glycerin, Gerald Moughler, filed for bankruptcy subsequent to the accrual date of the present claim. According to defendant, Moughler listed plaintiff John Rothgeb as a co-debtor on some of the debts and Moughler's company Tri-City Energy may have owned a majority share of Keokuk Glycerin at the time Moughler declared bankruptcy. Moughler did not list a claim against Midwest Laboratories as an asset in the bankruptcy proceedings. Moughler was granted a discharge under 11 U.S.C. § 727 on December 21, 2010. Plaintiffs resist on the basis Moughler is not a party to the present case. Alternatively, as a non-creditor in Moughler's bankruptcy case, plaintiffs argue Midwest Laboratories cannot claim to be prejudiced. In reply, defendant argues discovery seems to indicate there was a "substantial overlap between the two companies," pointing to the letter of intent from GreenMan which was directed to Mr. Rothgeb at Tri-City Energy and expressly referenced Tri-City Energy's assets and liabilities as part of the transaction.

Unlike the economic loss doctrine, estoppel is a defense which must be raised affirmatively. Fed. R. Civ. P. 8(c). Judicial estoppel occurs when a party makes a representation or claim in one proceeding which is inconsistent with its position or claim in the same or a related proceeding. *Hutterville Hutterian Brethren, Inc. v. Sveen*, 776 F.3d 547, 557 (8th Cir. 2015); *Hossani v. Western Missouri Medical Ctr.*, 140 F.3d 1140, 1142 (8th Cir. 1998). When that occurs, the party may be barred from taking the inconsistent position or making the claim in the subsequent action. *Hutterville Hutterian Brethren*, 776 F.3d at 557. Both parties cite to *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006), where the Eighth Circuit noted that a debtor's failure to list a claim in bankruptcy filings could equate to a representation the claim did not exist.[1] Three factors are relevant to application of the principle of judicial estoppel: (1) "whether a party's later position was clearly inconsistent with its earlier position;" (2) "whether a party has persuaded a court to accept the earlier position;" and (3) "whether the party seeking to assert the inconsistent position would derive an unfair advantage *or* pose an unfair detriment on the opposing party if not estopped." *Leichliter v. The Des Moines Register*, No. 4:08-cv-00065-JAJ, 2008 WL 4911845, at *3 (S.D. Iowa Nov. 14, 2008)(emphasis added).

As plaintiffs point out, Mr. Moughler is not listed as a party in this case. Technically, his affairs and representations would not seem to have any relationship with Keokuk Glycerin and Mr. Rothgeb, the named plaintiffs. Addition of the defense is sought by defendant, however, because in the course of discovery concerning plaintiffs' claims in this case, defendant believes it has found evidence which links Moughler (and his company Tri-City Energy) to plaintiffs and the GreenMan

---

[1] The Eighth Circuit did not, however, find judicial estoppel had occurred in *Stallings* after reviewing the issue on a summary judgment record. 447 F.3d at 1049.

transaction. Moughler's bankruptcy proceedings and the representations (or omissions) made in those proceedings could have a substantial impact on the validity of plaintiffs' claims in this case.

Plaintiffs also argue defendant was not a creditor in Moughler's bankruptcy and thus cannot claim to be prejudiced. The argument focuses only on the second half of the third element in the judicial estoppel analysis and overlooks the disjunctive "unfair advantage" component of the first of that element. *Leichliter*, 2008 WL 4911845, at *3. After further discovery and on a proper summary judgment record, the Court feasibly could make a determination that plaintiffs' failure to disclose their connection to Moughler and Tri-City Energy was "part of a scheme to mislead the Court and defendant" concerning the legal viability of plaintiffs' claims in this litigation.

At this stage, the Court cannot review the substantive merits of the judicial estoppel question, only whether defendant should be allowed to plead it as an affirmative defense. The defense is not frivolous on its face. On this record, and under the standards governing the Court's determination, good cause has been shown and defendant should be allowed to plead judicial estoppel as an affirmative defense.

C.  Recommendation and Order

Based on the foregoing discussion,

IT IS RESPECTFULLY RECOMMENDED that defendant's motion for leave to amend answer [16] be granted in part and denied in part. It should be granted to allow defendant to plead judicial estoppel as an affirmative defense. It should be denied with respect to the addition of the economic loss doctrine as an affirmative defense. Should the Court accept this Report and Recommendation, IT IS FURTHER RECOMMENDED that defendant should be directed to file a substituted Amended Answer consistent with the Court's ruling.

IT IS ORDERED that the parties have until **June 5, 2015** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 22nd day of May, 2015.

_Helen C. Adams_
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE